UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KARSTEN KOCH,

          Plaintiff,

    v.                                    Case No. 21-CV-503

VILLAGE OF HARTLAND,

          Defendant.

ORDER

1. Background

On September 24, 2018, the Village of Hartland, Wisconsin, enacted Section 66-12 of its Code of Ordinances (the Ordinance). (ECF No. 24, ¶ 3.) Titled, "Establishing a moratorium while it enacts an ordinance regulating residency and presence restrictions for sex offenders," the Ordinance "declares a Moratorium prohibiting the establishment of a Temporary or Permanent Residence by a Designated Offender within the Village until such time as the saturation level for Designated Offenders in the Village of Hartland reaches a factor of 1.1 or lower." (ECF No. 24-1 at 1, 3.) It defines "Designated Offender" as "a person who has been convicted of or has been found not guilty by reason of disease or mental defect of a sexually violent offense and/or a crime against

children which includes *Crimes Placing Children at Risk*." (*Id.* at 1) (emphasis in original.) "Crimes Placing Children at Risk" include, among other crimes, First Degree Sexual Assault, First Degree Sexual Assault of a Child, and Engaging in Repeated Acts of Sexual Assault of the Same Child. (*See id.* at 1-2 n.1.) The "saturation level" is

> determined by adding the number of Designated Offenders per square mile in Hartland plus the number of Designated Offenders per 1,000 population in Hartland and dividing the resulting figure by the sum of the number of Designated Offenders per square mile in Waukesha County net of Hartland plus the number of Designated Offenders per 1,000 population in Waukesha County net of Hartland.

(*Id.* at 3.) The Ordinance also provides that "[a]ny individual may appeal to the Village Board the interpretation of or application of the Moratorium under this ordinance." (*Id.* at 4.)

When he was nineteen plaintiff Karsten Koch pled guilty to one count of Repeated Sexual Assault of the Same Child and two counts of Second-Degree Sexual Assault of a Child. (ECF No. 24, ¶ 8.) Nearly fifteen years later, in December 2020, Koch decided he wanted to move from Nashotah, Wisconsin, to Hartland so that he could live closer to his job. (*Id.*, ¶¶ 10, 11.) Koch found a rental property in Hartland where "the owner was willing to rent to a person on the sex offender registry." (*Id.*, ¶ 12.) But before he could sign the lease the Chief of the Village of Hartland Police Department told Koch that the Ordinance "was still in place" and that under the Ordinance he was a Designated Offender who was prohibited from "establishing a residence" in Hartland. (*Id.*, ¶¶ 13, 14.) Koch did not appeal this interpretation or application of the Ordinance.

2

(*Id.*, ¶ 15.) He did not move to Hartland and instead continued to live with his parents in nearby Nashotah. (*Id.*, ¶ 1.)

Koch now challenges the constitutionality of the Ordinance, arguing that it violates the Ex Post Facto Clause of the United States Constitution. (ECF No. 1, ¶ 1.) He initially moved for a preliminary injunction (ECF No. 5), but following briefing on that motion the parties agreed that the material facts were not in dispute and that the case should proceed to summary judgment on the question of the constitutionality of the Ordinance. (ECF No. 18.) As a result, Koch's motion for a preliminary injunction was denied without prejudice (ECF No. 19) and both parties moved for summary judgment (ECF Nos. 22, 25). Those motions have been fully briefed and are ready for resolution. All parties have consented to the full jurisdiction of this court. (ECF Nos. 4, 10.)

2. **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In resolving cross-motions for summary judgment, the court views each motion "separately in the sense that for each motion, factual inferences are viewed in the nonmovant's favor." *Wilson v. Baptiste*, No. 13 CV 07845, 2016 WL 3878125, at *2 (N.D.

Ill. July 18, 2016) (citing *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 603 (7th Cir. 2015)). The controlling question is whether the evidence as a whole—taken from both motions— "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 671 (7th Cir. 2011) (reviewing cross-motions for summary judgment). *See also Bloodworth v. Vill. of Greendale*, 475 F. App'x 92, 95 (7th Cir. 2012*); Smart v. Int'l Bhd. of Elec. Workers, Loc. 702*, 453 F. App'x 650, 653-54 (7th Cir. 2011).

**3. Analysis**

Koch argues that the Ordinance violates the Constitution's Ex Post Facto Clause. (ECF No. 23 at 1.) "The Ex Post Facto Clause, Article I, Section 9, Clause 3 of the United States Constitution prohibits retroactive punishment." *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011). A statute violates the Ex Post Facto Clause when it is both retroactive and punitive. *See Vasquez v. Foxx*, 895 F.3d 515, 520 (7th Cir. 2018).

Koch argues that the Ordinance is retroactive because it attaches "'new legal consequences' to the conduct that led to Koch's guilty plea." (ECF No. 23 at 12.) At the same time, he "acknowledges that two Seventh Circuit cases addressing the meaning of the term 'retroactivity' could be read as foreclosing [his] ex post facto claim." (*Id.*) He argues that those cases—*United States v. Leach*, 639 F.3d 769 (7th Cir. 2011) and *Vasquez v. Foxx*, 895 F.3d 515 (7th Cir. 2018)—should not control because they are distinguishable (*Id.* at 14-16), should otherwise be read more narrowly (*Id.* at 16), and are in in conflict

"with decisions of the U.S. Supreme Court and other circuit courts of appeals." (*Id.* at 17-19).

Hartland responds that the Ordinance is not retroactive because "its requirements and penalties apply only to conduct occurring after its enactment." (ECF No. 27 at 6.) It analogizes to *Leach* and *Vasquez* for support (*Id.* at 7-9), and otherwise urges the court to follow Seventh Circuit precedent, reminding the court of its obligation "to follow the lead of the Seventh Circuit in its interpretation of U.S. Supreme Court cases." (*Id.* at 9-10.)

At issue in *Leach* was the 2006 Sex Offender Registration and Notification Act (SORNA). *Leach*, 639 F.3d at 770. Leach was convicted of a sex offense in 1990 and subsequently arrested "for knowingly failing to register as a sex offender after traveling in interstate commerce in violation of SORNA" in 2009. *Id.* at 770-71. He "moved to dismiss his indictment, arguing that SORNA violates the Ex Post Facto Clause." *Id.* at 771. The Seventh Circuit acknowledged that SORNA "effectively increases the punishment for his 1990 conviction," but reasoned that it still only "creates new, prospective legal obligations based on the person's prior history." *Id.* at 773. Therefore, the court concluded that SORNA was not retroactive and did not violate the Ex Post Facto Clause. *Id.*

Seven years after deciding *Leach* the Seventh Circuit decided *Vasquez*. Vasquez and his co-plaintiff had been convicted of child sex offenses in 2001 and 2004. *Vasquez*,

895 F.3d at 518-19. In 2008 Illinois amended its residency restrictions to prohibit child sex offenders from knowingly residing within 500 feet of a child daycare home. *Id.* at 518. In 2016 the City of Chicago forced the plaintiffs to move out of their long-time homes, citing the amendment and child daycare homes that had recently opened less than 500 feet away. *Id.* The plaintiffs responded with a lawsuit, claiming that, because their convictions predated the amendment's enactment, the amendment imposed "retroactive punishment in violation of the Ex Post Facto Clause." *Id.*

The Seventh Circuit disagreed, discussing *Leach* and reasoning that the amendment was not retroactive:

> Although the 2008 amendment to the Illinois residency statute applies to Vasquez, Cardona, and others like them who were convicted of child sex offenses before the amendment was adopted, its requirements and any criminal penalty apply only to conduct occurring after its enactment—i.e., knowingly maintaining a residence within 500 feet of a child day-care home or group day-care home.

*Id.* at 520. Because it was not retroactive, the amendment did not violate the Ex Post Facto Clause. The Seventh Circuit reaffirmed its reasoning in a later case where it considered the constitutionality of a newly adopted restriction that "prohibited sex offenders from residing within 2,000 feet of certain designated places where 'children are known to congregate.'" *Werner v. City of Green Bay*, 743 F. App'x 10, 11-12 (7th Cir. 2018).

The Ordinance at issue here is like SORNA and the Illinois amendment in that its requirements and penalties apply only to conduct occurring after its enactment. The

Ordinance may impose "significant burdens" on Designated Offenders who, like Koch, "committed their crimes and completed their prison terms long before [it] went into effect." *Leach*, 639 F.3d at 773. Indeed, its "requirements are triggered without respect to the date of the convictions." *Id.* But, as the Seventh Circuit reasoned in *Leach*, that does not make it retrospective: the Ordinance "merely" prospectively limits a Designated Offender's housing options based on his prior history. *See id.* In other words, the Ordinance only applies to Koch's current desire to move to Hartland—after the 2018 enactment of the Ordinance, just as SORNA only applied to Leach because he crossed state lines *after* its 2006 enactment and just as the Illinois amendment only applied to Vasquez because he lived by a child daycare home *after* its 2008 enactment. Therefore, the Ordinance is not retroactive. *See Weaver v. Graham*, 450 U.S. 24, 29, (1981) (observing that a law "must apply to events before its enactment" to be ex post facto).

Koch argues that *Leach* and *Vasquez* are distinguishable because the Ordinance imposes a "new burden" that is "so extreme and so untethered from its supposedly non-punitive purposes that the Ex Post Facto Clause won't tolerate its application to someone convicted before the enactment, even if the application of the law is triggered by some ostensibly 'prospective' conduct." (ECF No. 28 at 12-13.) This argument, as Hartland points out, blurs the line between retroactivity and punishment. (ECF No. 27 at 7.) But, again, to violate the Ex Post Facto Clause, a law must be both retrospective and punitive. *Leach*, 639 F.3d at 773. Even if it is punitive, an argument the court need

7
Case 2:21-cv-00503-WED   Filed 12/13/21   Page 7 of 8   Document 32

not reach, the Ordinance does not violate the Ex Post Facto Clause because it is not retroactive.

This court cannot accept Koch's invitation to reject *Leach* and *Vasquez* and follow the reasoning employed by other circuits when considering Ex Post Facto Clause challenges. (ECF No. 23 at 18-19); *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (citing *United States v. Ramsey*, 785 F.2d 184 (7th Cir. 1986)). *Leach* and *Vasquez* are precedent that this court must follow, and their application here shows that the Ordinance is not retroactive.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment is **GRANTED**. This case is dismissed with prejudice. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 13th day of December, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge